### NELSON vs. LOUISIANA INSURANCE CO.

Eastern Dis'et
Dec'ber 1826.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This is a suit brought on a valued policy of insurance, by which the defendants insured $2,500 worth of merchandise on board the schooner called the Sterling, at and from New Orleans to Xibara, and two other ports in the island of Cuba. The policy is made in the usual form of such instruments, and contains a memorandum by which a number of articles of merchandise are specially excluded from average, except general; concluding by an exception, which, in its terms, embraces all articles perishable in their own nature.

The answer contains a general denial of responsibility on the part of the insurers, and also an averment that they are released from any obligation to make good to the assured the alleged loss, on account of misconduct of the master of the vessel, in attempting to enter the port of destination without the aid of a pilot, or any other proper person on board.

On these pleadings, and the evidence in the

The insured is not obliged to communicate a fact respecting the situation of the port of destination, the knowlege of which was equally within the reach of the insurer

Whether an article be perishable in its nature, or not, is to be ascertained by the usage & custom of the port where the goods are shipped.

NELSON
*vs.*
LOUISIANA
INSURANCE
COMPANY.

The particular enumeration of perishable articles in an ordinary policy does not prevent the insured from shewing, under the general clause, that other articles are perishable.

cause admitted and rejected by the court below, two questions are raised for the consideration of this court :—whether there was any improper concealment by the plaintiff in relation to the manner in which vessels entered the port of Xibara, in not stating to the defendants, that there were no pilots belonging to that port, and that it was customary for masters to conduct in their vessels without assistance from any other person.

II. Whether the petition and answer considered in relation to the policy itself, the primary evidence of the cause, authorised the interrogatory put by the counsel for the defendants, to a witness introduced by the plaintiff, by which it was asked whether flour, which appears to have composed the principal part of her cargo insured, was an article perishable in its own nature? In the course of the trial of the cause, this interrogatory was propounded to a witness on the part of the defendants, (who are here appellants,) which the judge *a quo* would not suffer to be answered, and a bill of exceptions was taken to his opinion, refusing to authorise an answer.

As to the first of the questions, we are

EasternDis't
Dec'ber, 1826

NELSON
vs
LOUISIANA
INSURANCE
COMPANY.

clearly of opinion that there was no fraudulent concealment by the insured at the time of obtaining the policy, which is legally destructive of the force and effect of that instrument. The situation of the port to which the schooner was destined, in relation to pilotage, is a matter in its own nature, the knowledge of which was equal in facility of acquirement to both parties to the contract; it is a matter which both might be fairly presumed equally to know. See *Park on Ins.* p. 185 & 186, and *Phil* p. 85.

The propriety of the opinion of the judge below, by which he refused to admit evidence to prove that the cargo insured was composed of articles perishable in their own nature, is attempted to be supported on two grounds :—First, That no proof of that fact could legally be allowed, because it was not specially pleaded in the answer, &c. ; and, second, that the interrogatory was too indefinite, as it did not limit the answer to perishableness, according to the custom of this port of New Orleans, in relation to articles ordinarily exported.

The merit of these grounds is wholly technical, and is inconsistent with that simplicity

EasternDis'ct
*Dec'ber* 1826

NELSON
*vs*
LOUISIANA
INSURANCE
COMPANY

of practice established by law for our courts in all cases, and would be peculiarly severe in the present; as the question was put to the witness in strict pursuance of the clause used in the memorandum of the policy, which was evidently introduced with the intention of influencing the contract of the parties.

Whether the general exception contained in the memorandum of the policy of insurance now under consideration, which, after a specific enumeration of many articles, excuses the insurers from contribution on average unless general,—or in other words, from remuneration for a partial loss on all articles perishable in their own nature, must be interpreted according to the particular usage and custom of this port in relation to exports, or according to the sense and meaning generally recognised by merchants and traders, is a question which would most properly occur, after first ascertaining by testimony, whether the articles thus alleged by the defendant to be perishable in their own nature, are really such or not, according to the opinions, knowledge and belief of men skilled in matters of this kind.

By inserting the clause above stated, after

a long list of enumerated articles, the rule

of interpretation that *expressio unius est exclusio alterius*, is completely destroyed; unless it be considered that such a clause in policies is wholly vain, nugatory and without sense and meaning; which would be in direct opposition to a sound and general rule of interpretation, which requires that every clause and expression in a law or a contract, is entitled to its full weight and effect; unless such interpretation lead to absurd results. We have been induced to make these remarks on two very plain and well known rules of construction, in consequence of some observations found in *Phillips on Insurance*, relative to the general provision usually inserted in the memorandums of policies, (to which the counsel for the plaintiff here referred us,) and wherein the author states that he has not met with any decision, in which the exception has been held in virtue of this general clause, to be applicable to an article not specifically named in the policy. See *Phil. on Ins, p.* 492.

To allow an inquiry in all cases, as to the nature of articles not enumerated, would certainly have a tendency to add to the

NELSON
*vs.*
LOUISIANA
INSURANCE
COMPANY

difficulties which ordinarily occur in suits on contracts of insurance ; but the apprehension or fear of that evil will not authorise courts of justice peremptorily to debar such an inquiry, in violation of well established rules for the interpretation of contracts in general, unless it be clearly shewn that those of insurance form an exception.

Being of opinion that the judge *a quo* erred in refusing to admit testimony on the part of the defendants, to shew that flour is an article perishable in its own nature ; because, we believe, such testimony to be generally admissable, according to the terms of the contract on which the action is founded :

It is ordered, adjudged and decreed, that the judgment of the district court be annulled avoided and reversed. And it is further ordered, &c. that the cause be remanded, with instructions to the court below, to allow the defendant to prove by legal testimony, whether or not flour be an article perishable in its own nature ; and that the plaintiff and appellee pay the costs of this appeal.

*Carleton & Lockett* for appellee, *Grymes* for appellant.